UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARVIN L. HAGGINS,

    Petitioner,

v.                                     Case No.  8:19-cv-1952-WFJ-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Mr. Haggins, a Florida inmate, initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) in which he challenges convictions for attempted first-degree murder and attempted robbery with a firearm entered in 2010 in Hillsborough County, Florida.  Respondent filed a limited response to the petition, which incorporates a motion to dismiss the petition as time-barred (Doc. 7).  Mr. Haggins filed a Response to Respondent's motion to dismiss (Doc. 8) in which he contends his petition is not time-barred because he is entitled to equitable tolling of the limitations period applicable to federal petitions filed under §2254.[1] Respondent opposes Mr. Haggins' equitable tolling argument (Doc. 16). Mr. Haggins replied to Respondent's opposition (Doc. 19). Upon consideration, the motion to dismiss will be granted.

**Procedural Background**

Mr. Haggins was convicted of attempted murder and attempted robbery and

---

[1] Mr. Haggins filed an amended petition on December 19, 2019 (Doc. 10).

1

sentenced to 45 years in prison on the attempted murder conviction to run concurrent with 25 years on the attempted robbery conviction (Doc. 7-2, docket pp. 10-22). The convictions and sentences were affirmed on appeal on September 28, 2012 (Id., docket p. 28).

On December 26, 2012, Mr. Haggins filed a Motion to Mitigate or Reduce Sentence under Rule 3.800(c), Florida Rules of Criminal Procedure, in which he moved for a reduced sentence to allow him to return to the community to support his family (Id., docket pp. 30-33). The motion was denied on January 9, 2013 (Id., docket pp. 35-36).[2]

On September 2, 2014, Mr. Haggins filed a Motion for Postconviction Relief under Rule 3.850, Fla.R.Crim.P. (Id., docket pp. 38-66). The Rule 3.850 motion was finally denied on May 9, 2017 (id., docket pp. 119-32), and the denial was affirmed on appeal on March 27, 2019 (Id., docket p. 142). The appellate court mandate issued on June 25, 2019 (Id., docket p. 146). Mr. Haggins' federal habeas petition was filed in this Court on August 5, 2019 (Doc. 1, docket p. 1).

**Discussion**

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d), arguing that more than one year passed after Mr. Haggins' judgment of conviction became final. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas petitions. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

---

[2] "An order entered on a Rule 3.800(c) motion to reduce or modify a sentence generally is not appealable, but is subject to review in an extraordinary case under the Florida appellate court's certiorari jurisdiction." *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1293 n.3 (11th Cir. 2008), *abrogated on other grounds by Wall v. Kholi*, 562 U.S. 545 (2011). *See also Frazier v. State*, 766 So. 2d 459, 460 (Fla. 1st DCA 2000) ("[R]ule 3.800(c) motion for reduction or modification of sentence is directed to the discretion of the trial court and is not appealable.").

seeking such review." § 2244(d)(1)(A). And "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

Because Mr. Haggins' judgment was affirmed on appeal on September 28, 2012, it became final 90 days later, on December 27, 2012, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired. *Clay v. United States*, 537 U.S. 522, 527 (2003); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Mr. Haggins' Rule 3.800(c) motion, filed December 26, 2012, tolled the AEDPA's limitations period, and it remained tolled through January 9, 2013, when the Rule 3.800(c) motion was denied. The AEDPA's limitations period expired one year later on January 9, 2014.[3] Accordingly, Mr. Haggins' federal petition, filed on August 5, 2019, is time-barred unless he can show he is entitled to equitable tolling of the limitations period.

The limitations period under § 2244(d) is subject to equitable tolling. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir.2004). Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir.2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999) (per curiam)); *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir.2006) (petitioner must show both extraordinary

---

[3] Because the federal limitations period already expired on January 9, 2014, Mr. Haggins' Rule 3.850 motion, filed September 2, 2014, did not toll the federal limitations period. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir.2003) (Rule 3.850 motion, "filed after expiration of the limitations period[,] does not relate back so as to toll idle periods preceding the filing of the federal [habeas] petition"); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir.2001) (where a Rule 3.850 motion is filed after the expiration of the federal limitations period, it does not toll the period under § 2244(d)(2) because no period remains to be tolled).

circumstances and diligence). Equitable tolling only applies, however, where the litigant satisfies his burden of showing he has been pursuing his rights diligently and that some extraordinary circumstance "stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010).

Mr. Haggins alleges the following in support of his request for equitable tolling: after the mandate issued on direct appeal (the mandate issued November 2, 2012), Mr. Haggins sent three letters to appellate counsel requesting copies of the record on appeal, which he needed to prepare a post-conviction motion (Doc. 8., docket p. 4). One hundred sixty-nine (169) days after the mandate issued (which would have been April 20, 2013), Mr. Haggins received the record (Id., docket p. 5). However, the record was missing 94 pages, some of which Mr. Haggins needed to prepare his Rule 3.850 motion (Id., docket pp. 5-6).

Mr. Haggins sent letters to counsel about the missing pages but received no response (Id.). Mr. Haggins therefore used family and friends to obtain the missing portions of the record, which he received on February 28, 2014 (Id.). Mr. Haggins further asserts that while he was waiting for the missing pages, he was transferred to another prison (Id., docket p. 6).[4] Mr. Haggins claims entitlement to 381 days of equitable tolling (Id., docket pp. 6-7).

Mr. Haggins has not satisfied his burden of showing circumstances justifying equitable tolling. He makes no showing of extraordinary circumstances which prevented him from filing a timely federal habeas petition. Nor does he demonstrate that he has

---

[4] Mr. Haggins' transfer from one correctional institution to another is no basis for equitable tolling because he has failed to allege facts that show a causal connection between the late filing of his petition and his institutional transfer. *See, e.g., Mendez v. United States*, 2011 WL 5555876, at *6 (M.D. Fla. Oct. 27, 2011) ("Equitable tolling is not warranted due to transfer between institutions unless evidence supports 'a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'") (quoting *Dodd v. United States*, 365 F.3d, 1282 (11th Cir.2004)).

diligently pursued his rights.

His claim he did not obtain the appellate record from counsel until 169 days after the November 2, 2012 direct appeal mandate was entered is belied by the record before the Court. Appellate counsel certified that he sent the 5-volume record on appeal to Mr. Haggins on December 12, 2011, via certified mail (Doc. 16-2, Ex. D, docket p. 12), and the return receipt indicates a delivery date of December 16, 2011 (Id., docket p. 13). And it is apparent from Mr. Haggins' February 2, 2012 Motion for Extension of Time to File Brief that he had the appellate record (Id., Ex. E).[5] Therefore, he is not entitled to equitable tolling, as he requests (see Doc. 8, docket p. 6), between January 9, 2013, and July 1, 2013.

Mr. Haggins likewise is not entitled to equitable tolling between July 1, 2013, and February 28, 2014, the period during which he contends he obtained the 94 pages allegedly missing from the appellate record (See Id.). His allegations are vague regarding the parts of the record missing, he provides no explanation why 94 pages were missing, and he fails to explain how his family obtained the pages. Moreover, his allegations he sent letters to appellate counsel and contacted family and friends to obtain the missing pages are vague because he provides no names of the family or friends he contacted, or the dates on which he allegedly contacted them or appellate counsel. And the allegations are unsupported by any evidence, such as copies of the letters he claims he mailed to appellate counsel. Therefore, his allegations are insufficient to warrant equitable tolling or an evidentiary hearing. *See Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("[V]ague allegations about the existence of impediments, without more, or an argument that fails to

---

[5] Mr. Higgins obtained the record to file his *pro se* Initial Brief after the appellate court granted his motion to dismiss counsel and proceed *pro se* (Id., Ex. A, docket p. 3).

5

explain how such impediments prevented the timely filing of the petition, does not establish extraordinary circumstances."); *Lopez v. United States*, 512 F. App'x 1001, 1004 (11th Cir. 2013) ("The district court did not clearly err in finding that Lopez was not reasonably diligent in his efforts to ascertain the disposition of his direct appeal. . . .Lopez's alleged attempts to contact his attorney by phone and mail are largely unsupported by the record evidence."); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 n.7 (11th Cir. 2002) (Petitioner's allegations he sent letters to the Clerk's office and pursued his case diligently was "not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support, especially when the evidence that has been presented undermines the petitioner's claim.").

Even if Mr. Haggins could show that 94 pages were missing from the record and he diligently attempted to obtain those pages, he fails to adequately explain why he could not prepare his Rule 3.850 motion before the AEDPA limitations period expired. In Florida, "[a]vailability of a transcript is. . .not necessary for the preparation of a legally sufficient motion for post-conviction relief." *Carr v. State*, 495 So. 2d 282, 282 (Fla. 2d DCA 1986). In preparing the post-conviction motion, the prisoner "must simply do the best he can from his recollection of the trial." *Dorch v. State*, 483 So.2d 851, 852 (Fla. 1st DCA 1986). Therefore, his allegation that 94 pages were missing from the record is insufficient to warrant equitable tolling. *See, e.g., Neal v. McNeil*, 2010 WL 298294, at *7 (N.D.Fla. Jan.15 2010) (concluding that habeas petitioner failed to show that his appellate counsel's failure to provide a copy of his trial transcript prevented him from filing a Rule 3.850 motion. The Rule does not require the attachment of transcripts, and despite not having the transcript, the petitioner filed two Rule 3.850 motions.); *Robinson v. Johnson*, 313 F.3d 128, 143 (3rd Cir.2002) (Court denied

petitioner equitable tolling based on the deprivation of legal materials because petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials.").

Finally, even if the Court granted equitable tolling from July 1, 2013, through February 28, 2014, the period during which Mr. Haggins contends he needed to obtain the missing pages of the record, his federal habeas petition still would be untimely. As discussed above, the AEDPA limitations period commenced on January 9, 2013. One hundred seventy-three (173) days elapsed before July 1, 2013. Between March 1, 2014, and September 2, 2014 (the date on which Mr. Haggins filed his Rule 3.850 motion), another 185 days elapsed. And another 41 days elapsed between June 25, 2019 (the date the appellate court mandate issued after the denial of the Rule 3.850 motion was affirmed), and August 5, 2019 (the date on which Mr. Haggins filed his federal habeas petition). Accordingly, even with equitable tolling between July 1, 2013, and February 28, 2014, 399 (173 + 185 + 41 = 399) days of untolled time expired before Mr. Haggins filed his federal habeas petition.

In sum, Mr. Haggins' § 2254 petition is time-barred by AEDPA's one-year statute of limitations because the petition was filed more than one year after his convictions became final, and he has not satisfied the requirements for equitable tolling.

Accordingly, Respondent's motion to dismiss (Doc. 7) is **GRANTED**. The petition for writ of habeas corpus (Doc. 1) and amended petition (Doc. 10) are **DISMISSED** as time-barred. The Clerk shall enter judgment against Mr. Haggins and close this case.

**Certificate of Appealability and Leave to Proceed on Appeal In Forma Pauperis Denied**

A certificate of appealability will issue only if Mr. Haggins makes "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time barred is procedural). Mr. Haggins cannot make that showing. And since he is not entitled to a certificate of appealability, he may not appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 4, 2022

                                                WILLIAM F. JUNG
                                                UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to: Marvin L. Haggins, *pro se*
           Counsel of Record